COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-103-CR

 

 

RICARDO CISNEROS                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

 

                                              ------------

 

Appellant Ricardo Cisneros appeals three
convictions for aggravated sexual assault of a child; he was sentenced to
confinement for twenty-five years on count II, twenty-five years on count III,
and forty years on count IV.  Cisneros
argues in three points that his punishment for each count is excessive and
grossly disproportionate to the offense. 








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004). 








Here, Cisneros did not raise the issue of the
alleged excessiveness or disproportionality of his sentences at trial or raise
the issue in a motion for new trial.  He
nonetheless argues that we should address his complaint on appeal A[b]ecause
the disproportionality and excessiveness of the sentences imposed in this case
rise to the level of constitutional infirmity.@  We have held on numerous occasions, however,
that this type of claim must be preserved at the trial court level.  See Acosta v. State, 160 S.W.3d 204,
211 (Tex. App.CFort Worth 2005, no pet.);
Miller v. State, No. 02-05-00031-CR, 2006 WL 1791660, at *4 (Tex. App.CFort
Worth June 29, 2006, no pet.) (mem. op.) (not designated for publication); Hampton
v. State, No. 02-04-00290-CR, 2005 WL 1356483, at *3 (Tex. App.CFort
Worth June 9, 2005, no pet.) (mem. op.) (not designated for publication); Sims
v. State, Nos. 02-04-00053-CR, 02-04-00054-CR, 2004 WL 2792819, at *1 (Tex.
App.CFort
Worth Dec. 2, 2004, pet. ref=d) (mem.
op.) (not designated for publication); Bloch v. State, No.
02-03-00363-CR, 2004 WL 2712149, at *3 (Tex. App.CFort
Worth Nov. 24, 2004, pet. ref=d) (mem.
op.) (not designated for publication); Tipton v. State, No.
02-02-00092-CR, 2003 WL 1564325, at *2 (Tex. App.CFort
Worth Mar. 27, 2003, pet. ref=d) (mem.
op.) (not designated for publication). 
Because Cisneros did not raise his complaint concerning the
excessiveness or disproportionality of his sentences in the trial court, that
complaint is forfeited.

We overrule each of Cisneros=s three
points and affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL A: CAYCE, C.J;
WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 11,
2007











[1]See Tex. R. App. P. 47.4.